178 La. 1061
### REUTER v. KRIEGER.
### No. 32707.

Supreme Court of Louisiana.

Jan. 29, 1934.

Samuel J. Tennant, Jr., and E. L. Bordelon, both of New Orleans, for relator.

Emmet Alpha, of New Orleans, for respondent.

LAND, Justice.

The property of relator was seized under executory process and advertised for sale for December 30, 1933.

As the district judge for the parish of St. Bernard, Twenty-Fifth judicial district, was absent from that parish, relator applied to the clerk of the district court for a preliminary injunction without bond to arrest the sale.

The clerk having refused to file relator's petition and grant the order, relator, on the day of the sale, applied to this court, under its supervisory jurisdiction, for a writ of mandamus to compel the clerk to issue the injunction as prayed for, and for writs of prohibition, restraining the respondent, Matt Reuter, Jr., and the sheriff of the parish of St. Bernard, from taking further proceedings in the matter of the sale of the property seized.

On December 30, 1933, the day of the sale, this court issued a rule nisi directed to the clerk of the district court, to respondent, and to the sheriff of St. Bernard parish, to show cause why the relief prayed for by relator should not be granted, with a temporary order, staying all proceedings against relator and particularly the execution of the writ of seizure and sale.

The effect of this order was to stop the sale, and to render unnecessary the writ of injunction prayed for by relator.

But as relator submits that this court should now issue an order, commanding the clerk of the district court for the Twenty-Fifth judicial district to file the petition of relator praying for a preliminary injunction, we feel that we should pass upon that question.

Section 4 of Act No. 43 of 1882, an act relative to the powers and duties of clerks of district courts and their deputies throughout the state, was amended by Act No. 13 of 1894, so as to read as follows: "In the absence of the judge from the parish, or in case of his recusation they shall have power to grant writs of injunction," etc.

However, the General Assembly in 1924 passed Act No. 204, "An Act Relative to the powers and duties of Clerks of District Courts and their deputies throughout the State of Louisiana, the parish of Orleans excepted, and repealing all laws or parts of laws in conflict herewith."

Section 11 of Act No. 204 of 1924 declares that: "All laws and parts of laws in conflict

with the provisions of this act be and the same are hereby repealed, especially Act 106 of 1880, Act 43 of 1882, Act 75 of 1884, Act 137 of 1888, Act 13 of 1894, and Act 41 of 1921."

Act No. 204 of 1924 is a general law, covering the whole subject-matter of the powers and duties of clerks of district courts and their deputies throughout the state, and expressly repeals all special statutes on this subject, including Act No. 13 of 1894.

It is clear, therefore, that all prior legislation on this subject has been superseded by Act No. 204 of 1924; and that, in determining the question whether or not a clerk of a district court may issue a preliminary injunction, we must look solely to the provisions of that act.

It is provided in section 1 of Act No. 204 of 1924: "That the Clerks of the District Courts throughout the State, the Parish of Orleans excepted, shall have the power, to grant orders for writs of arrest, attachment, sequestration, provisional seizure and fix the amount of bond therefor, except where the amount is fixed by law," etc.

But we fail to find, either in section 1, or in any subsequent section of Act No. 204 of 1924, any power granted or duty required of a clerk of a district court in this state to grant an order for an injunction. Such power or duty was necessarily omitted from Act No. 204 of 1924, for the reason that, at the same session of the General Assembly, Act No. 29 of 1924 was passed "to regulate procedure and practice in and power of the courts of this State in respect of temporary restraining orders and preliminary writs of injunction," and in section 1 of this act it is provided: "That hereafter no writ of injunction shall be issued without notice, given as hereinafter provided, to the opposite party or parties to be affected thereby, and without opportunity given *for hearing* of the opposite party."

The district judge himself is powerless to issue a preliminary injunction, *without a hearing*, although he may issue a temporary restraining order without notice, under the conditions stated in section 2 of Act No. 29 of 1924. To have permitted a clerk of a district court to issue a preliminary injunction *without a hearing* would have been not only in violation of the plain provisions of Act No. 29 of 1924, but would have conferred upon a mere subordinate greater powers than those possessed by the district judge, a superior officer.

Our conclusion is that it was not the ministerial duty of the clerk of the district court of St. Bernard parish to grant the preliminary injunction in this case. On the contrary, he was powerless so to do.

It is therefore ordered that the rule nisi herein issued be recalled; that our temporary stay order herein granted be vacated and set aside; and that relator's application for writs of mandamus and prohibition be dismissed, at his costs.

O'NIELL, C. J., absent.